IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK W. GILLISPIE,

    Petitioner,

v.                                    Case No. 22-CV-0043-JFH-CDL

CARRIE BRIDGES, Warden,[1]

    Respondent.

## OPINION AND ORDER

Before the Court is the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") filed by Petitioner Mark Gillispie ("Gillispie"). Dkt. No. 1. Gillispie claims he is in custody in violation of federal law under the judgment entered against him in Tulsa County District Court Case No. CF-2010-952. He claims a 19th Century treaty between the United States and the Muscogee (Creek) Nation bars the State of Oklahoma from exercising criminal jurisdiction within the boundaries of the Muscogee (Creek) Nation Reservation. He also claims the State violated clearly established law by when it denied his application for postconviction relief. Respondent urges the Court to dismiss the Petition because Gillispie did not comply with the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Having considered the Petition, Respondent's Response [Dkt. No. 10], Gillispie's Reply [Dkt. No. 11], the record of state court proceedings, and applicable law, the Court finds and concludes that the Petition shall be DENIED.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) and Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts*, the Court substitutes Carrie Bridges, the current warden of the James Crabtree Correctional Center ("JCCC"), in place of Scott Nunn, the JCCC's former warden, as party Respondent. The Clerk of Court shall note on the record this substitution.

## BACKGROUND

Gillispie pleaded guilty in April 2011 to five counts of robbery with a firearm, in violation of Okla. Stat. tit. 21, § 801 (2001). Dkt. No. 10-1. He then filed several pro se motions, including a motion to withdraw his plea. Dkt. Nos. 10-2, 10-3, 10-4, 10-5. On June 2, 2011, the trial court held a hearing, Gillispie withdrew his motion to withdraw his plea, and the trial court sentenced him to thirty years' imprisonment as to each count of robbery, with all sentences to be served concurrently. Dkt. No. 10-6 at 9.[2] Gillispie did not seek direct review of his criminal judgment by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). *Id.* at 9-14.

On June 2, 2021, ten years after he was sentenced and nearly one year after the Supreme Court issued its decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020),[3] Gillispie sought postconviction relief in state district court. Dkt. No. 10-13. Citing provisions of a 19th century treaty, Gillispie argued that the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed within the Muscogee (Creek) Nation Reservation, and that only the Muscogee (Creek) Nation could prosecute him.[4] *Id.* at 3. In support of his claim, he identified himself as "a

---

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

[3] The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has jurisdiction, under 18 U.S.C. § 1153(a), to prosecute Indians for committing certain crimes within the boundaries of that reservation. *McGirt*, 591 U.S. at 913, 932-34.

[4] In support of his request for postconviction relief, Gillispie cited "the treaty of 1866 with the Creeks, article 10, third paragraph" and two Supreme Court decisions other than *McGirt*. Dkt. No. 10-13 at 3. But the timing and substance of his application suggest his Indian country jurisdiction claim is both treaty-based and *McGirt*-based. For example, in the affidavit Gillispie submitted with his application for postconviction relief, he stated: "The alleged crimes that I was accused of happened on Muscogee Creek Nation reservation, which is federally reserved land of the Creek nation leaving only the Federal Government with jurisdiction to prosecute the alleged offense." *Id.* at 4.

person other than Indian." *Id.* The state district court denied the application in October 2021. Dkt. No. 10-14. Addressing the merits of Gillispie's claim, the state district court found Gillispie's "discussion of the Treaty of 1866 inaccurate, incomplete, and misleading; noted Gillispie's admission that he is not Indian and that he "never asserts that any of the offense victims meet the definition of Indian"; and reasoned that under *United States v. McBratney*, 104 U.S. 621 (1881), the State generally has authority to prosecute non-Indians for crimes against other non-Indians in Indian country.[5] *Id.* at 2-3. The state district court further found that Gillispie's claim was procedurally barred because his judgment was final before *McGirt* was decided and the OCCA had held that *McGirt* does not apply retroactively to void a final state conviction. *Id.* at 5-8 (citing *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) ("*Wallace*")). Gillispie filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief based on *Wallace*. Dkt. No. 10-15.

With the benefit of the prison mail box rule, Gillispie filed the Petition on January 19, 2021. Dkt. No. 1 at 14; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system). Gillispie, who appears without counsel,[6] identifies three grounds for relief: (1) "The trial court lacked jurisdiction because treaties between the United States and Muscogee Nation reserves jurisdiction to Tribe or U.S."; (2) "Congress has never grant[ed]

---

[5] In determining whether a criminal defendant is Indian for purposes of federal law, a "court must make factual findings that the defendant: '(1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal government.'" *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001) (quoting *Scrivner v. Tansy*, 68 F.3d 1234, 1241 (10th Cir. 1995)).

[6] Because Gillispie appears without counsel, the Court liberally construes the Petition and Reply. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not act as his advocate by crafting legal arguments on his behalf. *Id.*

3

criminal jurisdiction over Indian reservation lands to Oklahoma"; and (3) "OCCA failure to apply *McGirt v. Oklahoma* in state post-conviction proceeding to final convictions is contrary to clearly established law." Dkt. No. 1 at 5-8. Gillispie provides few facts to support any of these claims. *Id.* However, in support of the first claim, Gillispie alleges he is "a resident of Cherokee Nation" and that his crimes occurred "within the boundaries of Muscogee (Creek) Nation Reservation." *Id.* at 5. In the Petition, Gillispie asserts his claims are timely because the Petition was "filed within one year, excluding time to exhaust state remedies, of new Supreme Court precedent which either establishes a new rule of criminal procedure or a new substantive fact." *Id.* at 13.

Respondent urges the Court to dismiss the Petition because Gillispie did not comply with the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Respondent contends: the Petition is untimely under § 2244(d)(1)(A); that Gillispie has not shown that any other provision of § 2244(d)(1) provides a later commencement date for his limitations period; and that Gillispie has not shown that the Petition could be deemed timely through statutory or equitable tolling. Dkt. No. 10 at 3-10.

In his Reply, Gillispie asserts that applying the statute of limitations would violate Article I, §§ 8 and 9 and Article VI, § 2 of the United States Constitution; his judgment is "void" and cannot be "final," for purposes of applying § 2244(d)(1)(A), because the trial court lacked jurisdiction; his limitations period commenced at a later date, under either § 2244(d)(1)(C) or § 2244(d)(1)(D); and, if the Petition is not timely, his circumstances warrant equitable tolling. Dkt. No. 11 at 1-6.

## DISCUSSION

A federal court may grant federal habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution

4

or laws or treaties of the United States." 28 U.S.C. § 2254(a). But "[t]o ensure that federal habeas corpus retains its narrow role, [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] imposes several limits on habeas relief, and [the Supreme Court] ha[s] prescribed several more." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it]." *Id.* (alteration in original) (quoting *Brown v. Davenport*, 596 U.S. 118, 134 (2022)). On the record presented, the Court finds and concludes that law and justice do not require habeas relief because Gillispie has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States.

As just discussed, the parties disagree as to whether the statute of limitations bars Gillispie's claims. Dkt. Nos. 10, 11. State prisoners ordinarily have one year from the date a state criminal judgment becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In some circumstances, the limitations period commences at some date later than the date the judgment became final through the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(B)-(D). Regardless of when the limitations period commences, that period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Because the statute of limitations is not jurisdictional, a court may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the limitations period based on "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

On the record presented, the Court finds it unnecessary to resolve the parties' dispute over the timeliness of Gillispie's claims because his claims clearly lack merit. *See Smith v. Duckworth*,

824 F.3d 1233, 1242 (10th Cir. 2016) (explaining that if a "'claim may be disposed of in a straightforward fashion on substantive grounds,' this court retains discretion to bypass the procedural bar and reject the claim on the merits" (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002))). Whether treaty-based or *McGirt*-based, Gillispie's claims are premised on his position that the State had no jurisdiction to prosecute him for crimes he committed in Indian country. But Gillispie admitted in state-court proceedings, and the state district court found, that Gillispie is not Indian. Dkt. No. 10-13 at 3; Dkt. No. 10-14 at 2-3. The state district court further found that Gillispie "never assert[ed] that any of the offense victims meet the definition of Indian." Dkt. No. 10-14 at 3. On habeas review, these state-court factual findings are presumed correct absent clear and convincing evidence to rebut that presumption. 28 U.S.C. § 2254(e)(1); *Fontenot v. Crow*, 4 F.4th 982, 1061 (10th Cir. 2021). Gillispie's allegation that he is "a resident of Cherokee Nation" does not clearly and convincingly rebut the state district court's factual findings and falls far short of establishing that he is Indian for purpose of federal law. *Prentiss*, 273 F.3d at 1280. Because there is no evidence in the record that either Gillispie or any victim of his crimes is Indian, his claims challenging the State's exercise of criminal jurisdiction, as well as his related claim that the State should have granted him postconviction relief from a criminal judgment allegedly obtained in the absence of jurisdiction, lack merit. *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 637 (2022) ("In the leading case in the criminal context—the *McBratney* case from 1882—this Court held that States have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country."); *McGirt*, 591 U.S. at 933 (citing *McBratney* for the proposition that unless otherwise provided in 18 U.S.C. §§ 1152 and 1153, "States are . . . free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country"). The Court thus DENIES the Petition.

## CONCLUSION

Because Gillispie has not shown that he is in custody in violation of federal law, the Court DENIES the Petition. And because reasonable jurists would not debate this Court's disposition of the Petition, the Court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) the Petition [Dkt. No. 1] is DENIED; (2) a certificate of appealability is DENIED; and (3) a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Carrie Bridges, Warden, in place of Scott Nunn as party Respondent.

Dated this 6th day of December, 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE